UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Mai V., | File No. 17-cv-04347 (ECT/DTS) |
| Plaintiff, | |
| v. | **ORDER REJECTING REPORT AND RECOMMENDATION** |
| Nancy A. Berryhill, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff Mai V. appealed the decision of the Acting Commissioner of Social Security ("the Commissioner") denying Mai V.'s application for disability insurance benefits and supplemental security income benefits. The Parties filed cross-motions for summary judgment. ECF Nos. 12, 15. This matter is before the Court on a Report and Recommendation issued by Magistrate Judge David T. Schultz. ECF No. 18 ("R&R"). Magistrate Judge Schultz recommends granting the Commissioner's summary-judgment motion [ECF No. 15] and denying Mai V.'s summary-judgment motion [ECF No. 12]. R&R at 14. Mai V. filed objections to the Report and Recommendation [ECF No. 20], to which the Commissioner has responded [ECF No. 22]. Because Mai V. has objected, the Court is required to review de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Local Rule 72.2(b)(3). Based on that review, and for the reasons described below, the Report and Recommendation will be rejected, the Commissioner's decision will be

reversed, and the case will be remanded for further administrative proceedings as described below.

The only issue Mai V. raises in her objection relates to two medical source statements of her treating psychotherapist, Nicole Ward, Psy.D. Obj. at 1. In addition to Dr. Ward's opinion letter dated March 16, 2016, *see* Tr. 2047,[1] which the ALJ did discuss, *see* Tr. 224, Dr. Ward offered the two medical source statements containing her opinions regarding Mai V.'s limitations—the first dated December 8, 2014, and the second dated July 14, 2016, *see* Tr. 2498–2500 and 2591–93, respectively—that the ALJ did not reference. Mai V. argues that this failure to discuss the opinions of her treating psychotherapist was improper. Obj. at 1; *see also* Ex. To Obj. [ECF No. 21] (copy of *Exzabrian W. v. Berryhill*, No. 17-cv-4688 (ADM/BRT), 2018 WL 6980875 (D. Minn. Dec. 20, 2018), *R&R adopted*, 2019 WL 135702 (D. Minn. Jan. 8, 2019)). She also made this argument in her summary-judgment brief, contending that "[t]he ALJ's failure to evaluate every medical opinion received violates 20 C.F.R. § 404.1527(c)." ECF No. 13 at 32.

Mai V.'s argument is correct. Because the ALJ did not discuss how much, if any, weight she gave to the December 2014 and July 2016 opinions of Dr. Ward, and did not give any reasons for her determination of how to appropriately weigh those opinions, the Court cannot determine whether substantial evidence exists in the record to support the

---

[1] The record in this case was sequentially paginated and filed as a series of attachments to ECF No. 10. For simplicity, this opinion cites to the record collectively as "Tr.", followed by the specific page number of the record, rather than referencing each citation by docket number.

ALJ's decision. *See Harles-Wilson v. Berryhill*, No. 16-cv-02758 (FLN), 2018 WL 1525728, at *6 (D. Minn. Mar. 28, 2018) (citing *Dewald v. Astrue*, 590 F. Supp. 2d 1184, 1201 (D.S.D. 2008)). Accordingly, the appropriate remedy is to remand the case to permit the ALJ an opportunity to determine what weight to give to Dr. Ward's opinions, as required by 20 C.F.R. § 404.1527(c)(2).

Social Security regulations define "medical opinions" as "statements from acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(1). Ordinarily, a treating physician's medical opinion is entitled to substantial weight. *Dixon v. Barnhart*, 353 F.3d 602, 606 (8th Cir. 2003) (citation omitted). When such an opinion is not given controlling weight, the ALJ must determine what weight to afford the opinion based on factors enumerated in the regulations. 20 C.F.R. § 404.1527(c)(2). An ALJ must "always give good reasons . . . for the weight [she] give[s] [a] treating source's medical opinion." *Id.* "Failure to provide 'good reasons' for not crediting the opinion of a claimant's treating physician is a ground for remand." *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999) (citation omitted); *see also LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 387 (6th Cir. 2013) ("Failure to provide 'good reasons' for rejecting the opinion of a treating source generally requires remand, even if 'a different outcome on remand is unlikely.'" (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546 (6th Cir. 2004))); *Wilson*, 378 F.3d at 546 ("A court cannot excuse the denial of a mandatory procedural protection simply because [. . .] there is

3

sufficient evidence in the record for the ALJ to discount the treating source's opinion and, thus, a different outcome on remand is unlikely."); *Harles-Wilson*, 2018 WL 1525728, at *5 ("Failure to provide a good reason for discrediting a treating physician's opinion is grounds for remand." (citing *Snell*, 177 F.3d at 133)).

The Report and Recommendation addresses various ratings contained in Dr. Ward's December 2014 and July 2016 opinions, notes that the ALJ "extensively evaluated and discussed the underlying . . . records," and observes that Dr. Ward's opinions "are not new or different medical records in and of themselves," but rather were based on the same records the ALJ considered in her decision. R&R at 13. According to the Report and Recommendation, the ALJ "rejected any basis for [Dr. Ward's ratings-based] limitations [in the December 2014 and July 2016 opinions] . . . for the same reasons and based on the same records on which she relied when discounting Dr. Ward's March 26, 2016 opinion." *Id.* The Commissioner similarly characterizes the ALJ's discussion of Dr. Ward's underlying treatment records as "extensive," and further argues that, because the limitations discussed in Dr. Ward's December 2014 and July 2016 "checklist opinions" were "essentially identical to" those described in a March 2016 opinion letter from Jonathan Hoistad, Ph.D., another provider at the same clinic as Dr. Ward, the ALJ did, at least in essence, evaluate the medical opinions provided by Dr. Ward in the December 2014 and July 2016 documents. Resp. to Obj. at 2–3.

"[A]n ALJ is not required to discuss every piece of evidence submitted," and the mere failure to cite specific evidence does not indicate that it was not considered. *Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998) (citations omitted). On review, a failure to discuss

4

a treating physician's medical opinion may not require reversal if the Court concludes, in light of the evidence the ALJ does discuss, that "it is highly unlikely that the ALJ did not consider and reject" the treating physician's opinion. *Id.* But here, the ALJ's discussion of Dr. Ward's underlying treatment records creates doubt regarding whether the ALJ did in fact give reasonable consideration to the evidence underlying these two opinions from Dr. Ward. For example, of the six pages of treatment notes the ALJ attributes to Dr. Ward, two of those pages do not reflect Dr. Ward's notes at all, but those of other providers providing complementary care to Mai V. at the same clinic as Dr. Ward. *Compare* Tr. 224 (citing Ex. C26F at 18, 20, 24, 36, and 88), *with* Tr. 2239–40 (Ex. C26F at 20–21, treatment notes signed by Dr. Hoistad) *and* Tr. 2255–56 (Ex. C26F at 36–37, treatment notes signed by Vickie Wilhelm, MS, LPC). And although the ALJ discounted the opinion of Mai V.'s group-therapy facilitator that Mai V. experienced racing thoughts and difficulty concentrating in the group session, explaining that the opinion "is completely unsupported by the group notes," Tr. 224, the ALJ did not mention that Dr. Ward also observed similar issues in her treatment of Mai V., *see, e.g.*, Tr. 2592 (observing in her July 2016 opinion that Mai V. had "some trouble focusing during session and becomes distracted by other thoughts. Can become somewhat defensive and irritable. She often has trouble organizing her thoughts."). That the ALJ misattributed other providers' opinions to Dr. Ward and failed to identify instances where Dr. Ward's treatment records and opinions might bolster other providers' opinions that the ALJ rejected as lacking support raises doubts as to whether the ALJ did in fact consider either Dr. Ward's December 2014 and July 2016

5

medical opinions or the underlying medical records from Dr. Ward in adjudicating Mai V.'s claim.

Furthermore, the March 2016 opinion explicitly considered by the ALJ differs from the December 2014 and July 2016 opinions not referenced by the ALJ in ways that are relevant to Mai V.'s claim. The two non-referenced opinions contain more detailed opinions and more thorough discussions for the bases of those opinions, and they also touch on topics that are not addressed at all in the March 2016 opinion. For example, the March 2016 opinion does not discuss any impairments in Mai V.'s ability to drive, to maintain stable work attendance, or to keep on pace in the workplace; by contrast, in the December 2014 and July 2016 opinions, Dr. Ward identifies each of those as capabilities affected by Mai V.'s condition and points to medical and clinical findings in support of those assessments. Tr. 2047, 2499, 2592. Those assessments appear to be consistent with at least some of Dr. Ward's treatment notes. *See, e.g.*, Tr. 1074 (April 2013 notes reflecting transportation limitations), 1496 (August 2014 notes reflecting issues with pace, cognitive function, ability to remember clinical appointments without assistance, and transportation), 1488 (September 2014 notes reflecting racing thoughts and problems with focus), 1486 (October 2014 notes reflecting difficulty maintaining focus), 2300 (June 2015 notes reflecting difficulty maintaining focus), 2559 (May 2016 notes reflecting difficulty with memory). Accordingly, the ALJ's determination that Dr. Ward's March 2016 opinion was not entitled to any weight, *see* Tr. 224, says very little about how to appropriately weigh the December 2014 or July 2016 opinions on a broader set of topics.

Finally, the Court is not persuaded by the Commissioner's argument that because the ALJ discussed the March 2016 opinions of Dr. Hoistad, and because those "opined limitations were essentially identical" to those described by Dr. Ward in December 2014 and July 2016, the ALJ has already evaluated the limitations in a backdoor sort of way. *See* Resp. to Obj at 2–3. The first reason given by the ALJ for giving Dr. Hoistad's opinion no weight is that he "is not a treating source and . . . has only seen the claimant on two occasions for a diagnostic assessment." Tr. 225. By contrast, Dr. Ward is a treating source, and the ALJ was required to give "good reasons" for the weight assigned to her opinions. 20 C.F.R. § 404.1527(c)(2).

## ORDER

For the foregoing reasons, and based upon all of the files, records, and proceedings in the above-captioned matter, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Objection to the Report and Recommendation is **SUSTAINED** [ECF No. 20];

2. The Report and Recommendation [ECF No. 18] is **REJECTED**;

3. Plaintiff's summary-judgment motion [ECF No. 12] is **GRANTED** insofar as it seeks reversal of the Commissioner's decision and remand for further proceedings;

4. Defendant's summary-judgment motion [ECF No. 15] is **DENIED**;

5. The Commissioner's decision is **REVERSED** and the case is **REMANDED** for further administrative proceedings consistent with this Order, pursuant to sentence four of 42 U.S.C. § 405(g). On remand the ALJ should evaluate the December 2014 and

July 2016 opinions of Nicole Ward, Psy.D. regarding Mai V.'s claimed limitations, in accordance with 20 C.F.R. § 404.1527.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: March 20, 2019            s/ Eric C. Tostrud
                                            Eric C. Tostrud
                                            United States District Court