UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Mai V.,

    Claimant,

v.

Kilolo Kijakazi,
*Acting Commissioner of Social Security,*

    Defendant.

Case No. 17-cv-4347 (ECT/DTS)

**REPORT AND RECOMMENDATION**

## INTRODUCTION

Claimant Mai V. filed a Motion for Attorney Fees Under U.S.C. § 406(b) [Dkt. No. 47]. Counsel for Mai V. seeks $29,378.63 to be paid from back benefits withheld by the Defendant Kilolo Kijakazi. Because the requested amount is reasonable and warranted, the Court recommends the motion be granted.

## FINDINGS OF FACT

In May 2014, Mai V. filed an application for Social Security disability insurance benefits (DIB). R. 645-51, Dkt. No. 10. Her application was denied. R. 446-503. On September 16, 2014, Mai V. retained private counsel and filed a Request for Reconsideration ten days later. R. 474-503. The request was denied. *Id.* After exhausting administrative remedies, Mai V. filed an action for judicial review. Compl., Dkt. No. 1.

In March 2019, the Court reversed the Defendant's decision and remanded the case for further administrative proceedings consistent with the Court's Order. Dkt. No. 23. Mai V.'s counsel moved for an award of attorney Fees under the Equal Access to Justice Act (EAJA) under 28 U.S.C. § 2412(d) and was awarded $7,680. Dkt. No. 32.

In August 2021, an administrative law judge issued a decision in favor of Mai V., finding she was entitled to a period of disability beginning on August 8, 2012. Mai V.'s counsel now moves for attorney fees under 42 U.S.C. § 406(b). Mot., Dkt. No. 47. The motion seeks $29,378.63, representing 25 percent of the total past-due award, to be paid from Mai V.'s withheld past-due DIB. Mem. 6-7, Dkt. No. 48. In support of this motion, Mai V.'s counsel submitted the Social Security Administration Notices of Award, the Appointment of Representation, and the contingency fee agreement between Mai V. and her counsel. Dkt. Nos. 49-52. The contingency fee agreement provides that Mai V.'s counsel receive 25 percent of any past-due benefits awarded. Ex. 4, Dkt. No. 52. Defendant has not filed a response to the motion.

## CONCLUSIONS OF LAW

A court may award a successful claimant's counsel "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits." 42 U.S.C. § 406 (b)(1)(A). On a motion for an award of contingency fees, the Court's role is to review "such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). The 25-percent figure is merely an upper cap on fees established by Congress, and counsel for a successful claimant must still "show that the fee sought is reasonable for the services rendered." *Id.* To assess the reasonableness of the fee award sought, the Court must first look to the contingent fee agreement, then assess the "character of the representation and the results the representative achieved." *Id.* at 808. A fee award may be reduced by the Court where "the representation is substandard, when counsel delays the proceedings resulting in the accumulation of benefits, or when the benefits are large in

comparison to the amount of time counsel spent on the case." *Miller v. Kijakazi*, No. 19-cv-2842, 2021 WL 5216903, at *2 (D. Minn. Nov. 9, 2021) (quotation omitted).

Here, Mia V.'s representation was ultimately successful. Dkt. No. 33. Mai V. had agreed in the fee agreement that if a civil action was filed in Federal District Court, her counsel could seek "a fee greater than $6,000 but not more than twenty-five (25%) of the total past due benefits pursuant to 42 U.S.C. Section 406(b)." Dkt. No. 52. Therefore, an award of some fees is warranted under the fee agreement and permissible under § 406(b)(1)(A).

As an initial matter, Mai V.'s counsel argues the actual amount of fees requested here is $21,698.63, because if the motion is granted, he would refund the prior $7,680 award of EAJA fees. However, counsel cites no authority for the proposition that the refund of a prior award of fees should be subtracted from the amount sought in a § 406(b) motion before the reasonableness of the amount is assessed. Indeed, the statute makes clear that counsel may not receive attorney's fees under both the EAJA and § 406(b) for the same services. 42 U.S.C. § 406(b)(1)(A) (providing that where attorney is awarded fees under this subsection, "no other fee may be payable or certified for payment for such representation"). Therefore, if the instant motion is granted, counsel would not be returning or foregoing a fee award to which they would also be entitled but returning money which they can no longer keep. Accordingly, the amount of fees to be assessed for reasonableness is the full request of $29,378.63. Nevertheless, the Court recommends finding that the requested attorney's fees are reasonable.

Contingent-fee agreements for the statutory maximum 25 percent of past-due benefits "are the most common fee arrangement between attorneys and Social Security

3

claimants," and nothing in the fee agreement here suggests that it was facially unreasonable when entered. *Gisbrecht*, 535 U.S. at 800. There is no indication that counsel caused any delay in this matter, *see id.* at 808 ("If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court."), nor is there any indication that counsels' representation was substandard. *Id.*

Finally, the full award here would not be so "large in comparison to the amount of time counsel spent on the case" as to warrant a reduction. *Id.* Counsel requests compensation at an effective hourly rate of approximately $950. *See* Counsel Decl., Dkt. Nos. 57, 58. While this rate is towards the upper end of rates approved in this district, it would not be the highest. *See, e.g.*, *Shane T. v. Saul*, No. 18-634, 2020 WL 5743075, at *2 (D. Minn. Sept. 25, 2020) (approving $775.85 effective hourly rate); *Jody A. E. v. Saul*, No. 16-969, 2019 WL 4928921, at *2 (D. Minn. Oct. 7, 2019) (approving $1,229.63 effective hourly rate); *Smith v. Astrue*, No. 06-2091, 2008 WL 2609443, at *4 (D. Minn. June 24, 2008) (approving $1,141.91 effective hourly rate). Accordingly, the requested fee award would not constitute a windfall for Mai V.'s counsel and it is reasonable and warranted.

## RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS THAT:

1) The Motion for Attorney Fees Under U.S.C. § 406(b) [Dkt. No. 47] be **GRANTED**;

2) Mai V.'s counsel be awarded $29,378.63 in attorney's fees; and

4

     3)    Mai V.'s counsel refund to Mai V. $7,680, representing the EAJA fees previously awarded.


Dated: September 12, 2022                        <u>   s/David T. Schultz     </u>
                                                               DAVID T. SCHULTZ
                                                               U.S. Magistrate Judge


### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).